88 N.J. Super. 273 (1965)
212 A.2d 40
LESTER C. JONES, GLENN T. HOFFMAN AND H. MILTON FLITCRAFT, PLAINTIFFS,
v.
ROBERT M. FALCEY, ACTING SECRETARY OF STATE OF THE STATE OF NEW JERSEY, ARTHUR J. SILLS, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, CHARLES W. SANDMAN, JR., PRESIDENT OF THE SENATE OF THE LEGISLATURE OF NEW JERSEY, AND MARION W. HIGGINS, SPEAKER OF THE GENERAL ASSEMBLY OF THE LEGISLATURE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 25, 1965.
*274 Mr. W. Louis Bossle for plaintiffs Lester C. Jones, Glenn T. Hoffman and H. Milton Flitcraft.
Mr. Alan B. Handler, First Assistant Attorney General, for defendants Robert M. Falcey, Acting Secretary of State of the State of New Jersey, and Arthur J. Sills, Attorney General of the State of New Jersey.
Mr. Vincent P. Biunno for defendant Charles W. Sandman, Jr., President of the Senate of the Legislature of New Jersey (Messrs. Lum, Biunno & Tompkins, attorneys).
Mr. Sidney P. McCord, Jr. for defendant Marion West Higgins, Speaker of the General Assembly of the Legislature of New Jersey (Messrs. McCord, Farrell, Eynon & Munyon, attorneys).
*275 WICK, J.S.C.
In this action the court is requested to declare that the present apportionment of the congressional districts under N.J.S.A. 19:46-1 is unconstitutional and invalid. Plaintiffs also seek an order restraining and enjoining defendants from conducting primary and general elections under the existing scheme, and commanding and enjoining defendants to reapportion the congressional districts of the State of New Jersey.
The court must note that the procedure followed by plaintiffs is irregular and improper for a proceeding of this nature. However, no one has raised an objection, and defendant Charles W. Sandman has even taken steps to cure the defect. Defendant Marion West Higgins has filed an answer admitting each and every allegation of the complaint. Therefore, since all parties are represented, and there is no genuine issue of material fact, the court is of the opinion that this matter may be properly disposed of as a motion for summary judgment under R.R. 4:58.
There appears to be no issue raised in respect to plaintiffs' standing to sue or as to the justiciability of the controversy. In light of the United States Supreme Court decisions in Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), and Wesberry v. Sanders, 376 U.S. 1, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964), it is clear that N.J.S.A. 19:46-1 is discriminatory and deprives plaintiffs of equal protection of the law, in violation of Article I, section II of and the Fourteenth Amendment to the United States Constitution. Accordingly, the said statute is unconstitutional and void.
In Wesberry v. Sanders, the Supreme Court said:
"* * * In urging the people to adopt the Constitution, Madison said in No. 57 of The Federalist:
`Who are to be the electors of the Federal Representatives? Not the rich more than the poor; not the learned more than the ignorant; not the haughty heirs of distinguished names, more than the humble sons of obscure and unpropitious fortune. The electors are to be the great body of the people of the United States. * * *'
*276 Readers surely could have fairly taken this to mean, `one person, one vote.' * * *
While it may not be possible to draw congressional districts with mathematical precision, that is no excuse for ignoring our Constitution's plain objective of making equal representation for equal numbers of people the fundamental goal for the House of Representatives. That is the high standard of justice and common sense which the Founders set for us." (376 U.S., at p. 18)
This court can take judicial notice of the population of the New Jersey congressional districts as established by the 1960 census. These figures are set forth on page 239 of the 1965 New Jersey Legislative Manual. Two of the plaintiffs reside in the first district, which is the most populous and with 585,586 people is approximately 2.3 times larger than the fourteenth district with only 255,165 people. Such a disparity is far too large to meet the standards required by the Constitution.
It is evident that the New Jersey Legislature is fully aware of the need to redistrict the present congressional districts. Senate Concurrent Resolution No. 21 (1964) established the New Jersey Legislative Reapportionment and Congressional Redistricting Planning Commission. The Commission was reconstituted by Senate Concurrent Resolution No. 3 (1965). The report of the Commission, dated February 5, 1965, recognized that the present districts do not meet constitutional standards and that redistricting is necessary in view of Wesberry v. Sanders. See page 18 of the report, 84 S.Ct., at p. 535. Since the Legislature is aware of the problem and the need to act, this court does not deem it necessary, at the present time, to command or enjoin any or all of the defendants to reapportion the State of New Jersey into legal districts. Having so decided, it is unnecessary to consider defendants' contention that none of them has the power to do so in any event.
There is certainly sufficient time for the Legislature to enact redistricting legislation prior to the time when the primary election proceedings begin for the November 1966 election. However, as pointed out by one of the defendants, *277 "[t]he `ample time' now available has a way of disappearing without further advancement of the work unless there is some goad, no matter how gentle or restrained, to direct attention to the work that must be done."
It is the decision of this court that defendant Robert M. Falcey, Acting Secretary of State of New Jersey, and his respective agents, officers and employees, should be and are hereby enjoined from taking any steps or doing any acts based on N.J.S.A. 19:46-1, which has been declared unconstitutional herein.
This Court is retaining jurisdiction. If the Legislature has not taken appropriate steps to bring the congressional districts within the constitutional standards by April 11, 1966,[1] this court will hear argument on that date for appropriate additional relief.
Judgment will be entered in accordance with these conclusions, without costs allowed to any party. There will be no judgment, of course, entered against defendant Charles W. Sandman or defendant Marion West Higgins, for the reasons already mentioned.
NOTES
[1] If the Legislature repeals L. 1965, c. 4, § 1, to re-establish the third Tuesday in April as the date for the primary election under N.J.S.A. 19:2-1, the date for argument shall be February 21, 1966.